JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Austin Riggs
512 W. King Street
Lancaster, PA 17603

**(b)** County of Residence of First Listed Plaintiff    Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

## DEFENDANTS
Mahantam, Inc. d/b/a Success on the Spectrum
1848 Charter Lane
Lancaster, PA 17601

County of Residence of First Listed Defendant    Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 **IMMIGRATION** ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.A. § 210 et seq.
Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $ 150,000    CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   4/20/2026    SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Austin Riggs | : | |
| v. | : | |
| Mahantam, Inc. d/b/a Success on the Spectrum | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                          ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 4/20/2026 | Graham F. Baird | Plaintiff, Austin Riggs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:    1848 Charter Lane, Lancaster, PA 17601

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same  Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?         Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.*  ***Federal Question Cases:***

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☒  9.  Labor-Management Relations
☐  10. Civil Rights
☐  11. Habeas Corpus
☐  12. Securities Cases
☐  13. Social Security Review Cases
☐  14. Qui Tam Cases
☐  15. Cases Seeking Systemic Relief  ***see certification below***
☐  16. All Other Federal Question Cases. *(Please specify)*:_____

*B.*  ***Diversity Jurisdiction Cases:***

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases: *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| AUSTIN RIGGS<br>512 W. King Street<br>Lancaster, PA 17603 | :<br>:<br>:<br>:      JURY DEMANDED<br>: |
|      Plaintiff, | :<br>: |
|      v. | :<br>:      No. |
| MAHANTAM, INC. d/b/a SUCCESS ON<br>THE SPECTRUM<br>1848 Charter Lane<br>Lancaster, PA 17601 | :<br>:<br>:<br>:<br>: |
|      Defendants | : |

**CIVIL ACTION COMPLAINT**

**I.  Parties and Reasons for Jurisdiction.**

1.      Plaintiff, AUSTIN RIGGS (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, MAHANTAM, INC. d/b/a SUCCESS ON THE SPECTRUM (hereinafter "Defendant") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principal place of business at the above captioned address.

3.       At all times material hereto, Defendant qualified as Plaintiff's employer pursuant to the Fair Labor Standards Act and under Pennsylvania common law.

4.      This action is instituted pursuant to the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

5.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6.      Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

8.      On December 13, 2024, Defendant offered Plaintiff a position as a Registered Behavior Technician, more specifically BHT-ABA II, for which Plaintiff has a higher certification.

9.      Plaintiff accepted this position and began working for Defendant on January 6, 2025.

10.     At all times material hereto, Plaintiff was qualified for his position with Defendant.

11.     Plaintiff's role with Defendant was to provide applied behavior analysis therapy to Defendant's young clients during several sessions each day. Plaintiff would work with between four (4) and seven (7) children each day.

12.     As the sessions were a health service, it was required by insurance companies that Defendant and its therapists keep records for each client therapy session they conducted.

13.     However, Defendant did not give its employees time between sessions to complete these notes, instead expecting that their employees would complete the notes for the prior session during the therapy session with the next client, and so on.

14. If its employees did not finish their notes during the work day, Defendant expected that its employees would finish the notes at home, after clocking out.

15. Defendant specifically explained this policy to Plaintiff, stating that it would be expected that Plaintiff complete the session notes off the clock, as they were required to clock out at a certain time, and there was no ability to clock in remotely in order to complete the sessions.

16. During his six (6) month evaluation, Plaintiff indicated that he was having trouble finding time to complete his notes, as it wasn't always feasible to get them done during the next session, depending on the client and the therapy.

17. At that time, Plaintiff discussed with his co-workers how they were able to get their notes done on time; Plaintiff discovered that almost all of his co-workers except himself and one or two others were all completing their notes at home, off the clock.

18. Additionally, if the notes were not completed by 8pm that day, Defendant's supervisor, Ankur, would contact the employees to complete the notes, meaning they were not able to complete them the following day.

19. During this time, Plaintiff made several attempts to contact the Department of Labor to report this issue and was waiting for a response.

20. In mid-June of 2023, Plaintiff attended a meeting during which Defendant indicated that there was a forty (40) hour training that all employees needed to complete, which Plaintiff had already completed at a different company and already had the certification for.

21. During this meeting, Defendant's clinical director, Amy Mays, stated employees doing the training were expected to do it on their own time, off the clock; Plaintiff asked

specifically if the employees would be paid for their time undertaking this training and Ms. Mays said no, they wouldn't be.

22.    Around this time, Plaintiff was also trying to reach out to agencies to report that Defendant was allowing its employees to work with clients to perform Applied Behavior Analysis therapy prior to completing the required specific ABA training.

23.    Following this, Plaintiff had an extremely busy day and was unable to work on any of his notes.

24.    Plaintiff started working on his notes at the end of the day, and when it was 5:20pm, one of Defendant's supervisors, Gentil, approached Plaintiff and said "it's 5:20, time to clock out."

25.    Plaintiff said he was still working on his notes and wanted to finish, as he would not be working off the clock.

26.    Gentil indicated that was fine, and since he was leaving, showed Plaintiff what to do when he clocked out since Plaintiff would be there alone.

27.    As that was on a Friday, when Plaintiff returned to work on the following Monday, Defendant attempted to write Plaintiff up for "insubordination" stating that Plaintiff's refusal to leave before finishing his work was defying a supervisor's "direct order".

28.    In speaking with his co-workers following this, Plaintiff discussed that Defendant had attempted to write him up for insubordination.

29.    On June 26, 2025, Defendant terminated Plaintiff's employment for "spreading toxicity" by advising his co-workers that he had been written up.

30.     Shortly after his termination, Plaintiff was finally contacted back by a representative from the Department of Labor and reported that Defendant was expecting its employees to work off the clock, unpaid, in order to complete their work.

31.     As described above, Defendant expected its employees to perform additional work outside of their scheduled forty (40) hour work week for which they were not compensated.

32.     Defendant terminated Plaintiff after his opposition to perform unpaid work outside of his scheduled work hours.

33.      As a direct and proximate result of Defendant's conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well as emotional distress, pain and suffering and other damages as set forth below.

III.  Causes of Action.

### COUNT I– FAIR LABOR STANDARDS ACT
### Failure to Pay Overtime Wages

34.     Plaintiff incorporates paragraphs 1-33 as if fully set forth at length herein.

35.     At all times relevant herein, Defendant was an "employer" within the meaning of the FLSA.

36.     At all times relevant herein, Defendant was responsible for paying wages to Plaintiff.

37.     At all times relevant herein, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

38.     Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

39.     Defendant failed to pay Plaintiff for hours he worked greater than forty (40) per workweek.

40.     Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one-half times his base rate for each hour worked more than forty (40) hours per workweek.

41.     Defendant's violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff worked each week.

42.     Defendant's conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

43.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

44.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

45.     Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

### COUNT II– FAIR LABOR STANDARDS ACT
#### Retaliation

46.     Plaintiff incorporates paragraphs 1-45 as if fully set forth at length herein.

47.     At set forth above, Plaintiff made a complaint/opposed Defendant's instruction to work off the clock, to work excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

48.     Defendant took adverse action against Plaintiff by terminating his employment.

49.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate his employment.

50.     As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

51.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

52.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

53.     Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

## IV.  Relief Requested.

**WHEREFORE,** Plaintiff, AUSTIN RIGGS demands judgment in his favor and against Defendant, MAHANTAM, INC., in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.   Punitive damages;

C.   Liquidated damages;

D.   Attorneys fees and costs of suit;

E.   Interest, delay damages; and,

F.   Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Austin Riggs

Date:_  4/20/2026_